UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 05-198 (JP) |
| | : | |
| v. | : | |
| | : | **UNDER SEAL** |
| **ROSA CHAVEZ,** | : | |
| | : | |
| **Defendant** | : | |

## GOVERNMENT'S MOTION TO SEAL PLEA AGREEMENT, PLEADINGS, AND OTHER FILINGS

The United States of America, by its attorney, the United States Attorney for the District of Columbia, hereby moves the Court to place under seal until further order of the Court, the plea agreement and statement of offense, as well as the Government's Motion to Seal, the Information and any pleadings, and this Court's Order Sealing the aforesaid documents. In support of its motion, the Government states as follows:

This case is part of an investigation which has been conducted by the Federal Bureau of Investigation ("FBI") and the District of Columbia Office of the Inspector General into a bribery scheme wherein, the defendant, an employee of the Department of Motor Vehicles, accepted bribes in exchange for the issuance of driver's licenses. The investigation into other similar bribery schemes at the Department of Motor Vehicles is ongoing. The Government believes that there are compelling governmental interests which justify the sealing of these materials and all other pleadings, records and files in this case, as well as the delay in the public docketing of any notice of the filing under seal of this motion and attached exhibits and any order of this Court granting the Government's Motion to Seal.

## FACTS

The defendant Chavez was employed as a Clerk with the District of Columbia Department of Motor Vehicles (hereinafter referred to as "DMV") at the main office at 301 C Street, N.W., in Washington, D.C. Among the official duties of defendant Chavez was that of processing applications submitted by individuals seeking to obtain District of Columbia driver's licenses.

Beginning in or about the early part of 2002, defendant Chavez began selling driver's licenses. Defendant Chavez told law enforcement that she began selling driver's licenses to a primarily Hispanic clientele because she was "trying to help out." Defendant Chavez stated that she was paid approximately $400 for each fraudulent license which she issued; however, some individuals indicated to her that they did not have that amount of money, and from these individuals she would accept $250. The defendant Chavez input false claims into the DMV computer in order to create and issue the driver's licenses, including claims: (a) that she had received information that the applicant's out-of-state license had expired; (b) that the individual had passed the eye test; (c) that the applicant had submitted documentation of residency in the District of Columbia; and (d) that the applicant had passed the required written and road tests. On occasions when the names provided by the individuals seeking the fraudulent licenses did not match the Social Security Numbers (SSN) or dates of birth, as indicated by the DMV computer, defendant Chavez would overlook the discrepancies, enter false justifications into the computer to attempt to explain the discrepancies and proceed to create and issue the fraudulent licenses.

Typically, defendant Chavez worked with a middle-man. The middle-man solicited individuals in need of valid driver's licenses, but who, for a variety of reasons, could not or did not want to obtain such licenses through legitimate means. Defendant Chavez was paid a portion of the

overall bribe paid to the middle-man in order for her to produce the fraudulent licenses. Frequently, the middle-man would pay her share of the bribe to her after work hours. The number of fraudulent driver's licenses defendant Chavez issued fluctuated from week to week. However, initially in 2002, defendant Chavez issued, on average, three to four fraudulent driver's licenses each week, and this number increased significantly over time. Defendant Chavez was paid more than $70,000 in bribes over the course of her employment as a clerk at the DMV.

The government anticipates that the defendant will be able to provide incriminating evidence against at least two other individuals involved in the bribery scheme who have yet to be charged. One of those individuals is her prior boyfriend, who the government believes, based upon information provided by Chavez and her counsel, has physically assaulted her on prior occasions. Most recently, defendant Chavez spoke to advocates in D.C. Superior Court's domestic violence unit after suffering a bruised and scratched face which she attributed to abuse suffered at the hands of the boyfriend. Accordingly, public disclosure of the defendant's cooperation with the government at this time may not only undermine the government's ongoing investigation, but put the defendant's safety at risk.

Therefore, the Government submits that under *Washington Post v. Robinson*, 935 F.2d 282, 289 n. 10 (D.C. Cir. 1991), these facts present an extraordinary situation and a compelling governmental interest which justify the sealing of the plea agreement, statement of offense, the Government's Motion to Seal, the Court's Order to seal, pleadings, and other filings in this case, until the Government represents that the items covered by this motion can be made public without substantial risk to the ongoing investigation and the defendant's safety.

WHEREFORE, for all of the foregoing reasons, the United States requests that its motion be granted and that the plea agreement and statement of offense be sealed, as well as the Information and any pleadings, including the Government's Motion to Seal, and this Court's Order Sealing the aforesaid documents until further order of the Court.

                                  Respectfully submitted,

                                  KENNETH L. WAINSTEIN
                                UNITED STATES ATTORNEY
                                D.C. BAR # 451058

By:      _____
             DANIEL P. BUTLER, D.C. Bar #417718
             ROBERT BOWMAN, D.C. Bar#417176
             ASSISTANT U.S. ATTORNEYS
             555 4th Street, N.W.
             Washington, D.C. 20530
             (202) 353-9431 and (202) 353-2877
             Daniel.Butler@usdoj.gov
             Robert.C.Bowman@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 05-189 (JP)** |
| | : | |
| v. | : | |
| | : | **UNDER SEAL** |
| **ROSA CHAVEZ,** | : | |
| | : | |
| **Defendant** | : | |

**ORDER**

Based on the representations in the attached <u>Government's Motion to Seal Plea Agreement, Pleadings and Other Filings</u>, this Court makes the following:

**FINDINGS OF FACT**

1. The general public is not aware that this on-going investigation involves the defendant cooperating with the government and the potential identification of other individuals involved in bribing D.C. Department of Motor Vehicle employees.

2. The public docketing at this time of any notice that the defendant has entered into a cooperation agreement with the Government, including the accompanying statement of offense and this Motion to Seal as well as the Order granting such motion will likely jeopardize an on-going criminal and grand jury investigation, and might otherwise put the defendant's safety at risk.

3. Based on the representations in the Government's Motion to Seal, this Court also FINDS that there is a compelling governmental interest in sealing the pleadings, records and files in this case and that an extraordinary situation exists which justifies a delay in the public docketing of any notice that the plea agreement, statement of offense, Government's Motion to Seal and this Order have been

filed with the Criminal Clerk's office under seal.[1]

Based on the above Findings of Fact, it is this _____ day of May, 2005, hereby

ORDERED that this Order, and the attached government motion to seal the plea agreement and other pleadings, recordings, and files and to delay entry on the public docket of the filing of this motion to seal shall be filed under seal in the Criminal Clerk's office until further order of this Court.

It is further

ORDERED that the plea agreement, and all existing and future pleadings (save the criminal information itself), records and files in this case shall be placed under seal by the Criminal Clerk's office until further order of this Court.

It is further

ORDERED that the Criminal Clerk's office shall not make any entry on the public docket in this case of the plea agreement, the government's motion to seal and the Order granting such motion, and other pleadings filed under seal in this case until further order of this Court.

It is further

ORDERED, that the government notify the Court as soon as the need for sealing no longer exists.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　JOHN P. PENN
　　　　　　　　　　　　　　　　　　　　　　　JUDGE
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT FOR THE
　　　　　　　　　　　　　　　　　　　　　　　DISTRICT OF COLUMBIA

---

[1] See Post v. Robinson, 935 F.2d 282, 289, fn. 10 (D.C. Cir. 1991).