

U.S. Department of Justice

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

May 19, 2005

<u>VIA FACSIMILE</u> 202-232-7112

Melvin L. Otey, Esq.
1229 15th St., N.W.
Washington, D.C. 20005

        Re:    <u>United States v. Rosa Chavez</u>

Dear Mr. Otey:

      This letter sets forth the full and complete plea offer to your client, Ms. Rosa Chavez. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereafter "the government" or "this Office" or "USAO-DC"). This plea offer will expire on May 20, 2005. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

      1.    **Charges:** Ms. Chavez agrees to plead guilty to count one of the Information charging a violation of 18 U.S.C. §§ 201(b)(2)(A) and (C) (Bribery). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Ms. Chavez and will be entered in accordance with Federal Rule of Criminal Procedure 11. Ms. Chavez agrees that the attached "Statement of the Offense" fairly and accurately describes Ms. Chavez's actions and involvement in the conspiracy. It is anticipated that during the Rule 11 plea hearing, Ms. Chavez will adopt and sign the Statement of the Offense as a written proffer of evidence.

      2.    **Potential penalties, assessments, and restitution:** Ms. Chavez understands that the maximum sentence that can be imposed is 15 years of imprisonment, a fine of $250,000, or a fine of not more than three times the monetary equivalent of the thing of value, whichever is greater, a $100 special assessment, a three year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Ms. Chavez understands that the sentence to be imposed in this case will be determined by the court, guided by the factors enumerated in 18 U.S.C. 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, <u>Guidelines Manual</u> (2004) (hereinafter "Sentencing

Guidelines" or "U.S.S.G."). Ms. Chavez understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose.

3. **Federal Sentencing Guidelines**: The parties agree that based on the facts currently known to the government, the following is a correct calculation of all relevant Sentencing Guideline factors pursuant to the United States Sentencing Commission Guidelines Manual (effective November 5, 2003):

| | | |
|---|---|---|
| § 2C1.1(a) | Base Offense Level | 10 |
| § 2C1.1(b)(1) | Greater than 1 bribe | 2 |
| § 2C1.1(b)(2)(A) (Referring to table in § 2B1.1) | Value of payment more than $70,000 | 8 |
| Total | | 20 (33-41 months) (Zone D) |
| § 3E.1.1 | Acceptance of Responsibility | -3 |
| Total | | 17 (24-30 months) (Zone D) |

Your client and this Office agree that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines as set forth in this paragraph would be a reasonable sentence for defendant Chavez in this case. In the event that this plea offer is either not accepted by Ms. Chavez or is accepted by Ms. Chavez but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. **Financial Arrangements**: Ms. Chavez agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in 18 U.S.C. § 3013. Ms. Chavez also agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. **Cooperation**: Ms. Chavez agrees to cooperate with the government on the following terms and conditions:

2

a.   Ms. Chavez shall cooperate truthfully, completely, and forthrightly with this Office and other federal, state, and local law enforcement authorities identified by this Office in any matter as to which the government deems the cooperation relevant. Ms. Chavez acknowledges that her cooperation may include, but will not necessarily be limited to, answering questions, providing sworn written statements, taking government-administered polygraph examination(s), and participating in covert law enforcement activities.

b.   Ms. Chavez shall promptly turn over to the government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime, all contraband and proceeds of crime, and all assets traceable to such proceeds of crime.

c.   Ms. Chavez shall testify fully and truthfully before any grand jury in the District of Columbia, and elsewhere, and at all trials of cases or other court proceedings in the District of Columbia, and elsewhere, at which her testimony may be deemed relevant by the government.

d.   Ms. Chavez agrees not to disclose to any person or entity the fact of or details regarding her cooperation with law enforcement authorities.

e.   Ms. Chavez understands and acknowledges that nothing in this agreement allows her to commit any criminal violation of local, state, or federal law during the period of her cooperation with law enforcement authorities or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of her cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the government of all its obligations under this agreement. However, Ms. Chavez acknowledges and agrees that such a breach of this agreement will not entitle her to move to withdraw her plea of guilty.
Ms. Chavez further understands that, to establish a breach of this agreement, the government need only prove her commission of a criminal offense by a preponderance of the evidence.

6.   **Government Concessions:** In exchange for her guilty plea, the government agrees not to oppose Ms. Chavez's release pending sentencing, agrees not to oppose a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, agrees not to oppose Ms. Chavez's voluntary surrender to commence serving any sentence which is imposed, provided that Ms. Chavez continues to show her acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Ms. Chavez in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the attached Statement of Offense. This agreement not to prosecute Ms. Chavez does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code §

3

23-1331(4). It is understood that the government has no evidence, as of the date of this agreement, of any crimes of violence involving Ms. Chavez.

7. **Bond Conditions**: Ms. Chavez understands that the Court is not obligated to follow any recommendation of the government regarding bond status and that the final decision regarding her bond status or detention will be made by the Court at the time of her plea of guilty. The Court's decision in these regards is not grounds for withdrawal from this agreement.

8. **Departure Committee**: At the time of Ms. Chavez sentencing, the government will advise the sentencing judge and the United States Probation Office in the District of Columbia of the full nature, extent, and value of the cooperation provided by Ms. Chavez to the government. In addition, before sentencing, the government will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent, and value of the cooperation provided by Ms. Chavez to the government. If the Departure Committee determines that Ms. Chavez has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then this Office will file a motion pursuant to U.S.S.G. § 5K1.1. Ms. Chavez understands that the determination of whether she has provided "substantial assistance" is within the sole discretion of the United States Attorney for the District of Columbia. Ms. Chavez further understands that the failure of this Office to file a "substantial assistance" departure motion is not a ground for her to move to withdraw her plea of guilty in this case.

9. **Reservation of Allocution**: The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Ms. Chavez's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

10. **Use of Certain Information**: The parties hereby agree that, since Ms. Chavez has agreed to cooperate with the government, information provided by Ms. Chavez during the course of her cooperation shall not be used against her, except:

    a. in a prosecution for perjury or giving a false statement;

    b. if there is a breach of this agreement by Ms. Chavez, as determined under the provisions of this agreement.

4

In both situations described in subparagraphs a. and b. immediately above, any statement made by Ms. Chavez in connection with her cooperation may be used against her directly and indirectly.

       c.     In the case of information that was known to the government prior to the date of the execution of Ms. Chavez's plea agreement, such information may be used, and provided to the United States Probation Office, to calculate her sentence under the Sentencing Guidelines.

    11.    **Breach of Agreement:** Ms. Chavez agrees that if she fails to make a complete, truthful, and candid disclosure to law enforcement officers, government attorneys, and/or grand juries, or the Court, and/or if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. Moreover, if during an investigation or prosecution Ms. Chavez should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute her for these offenses to the fullest extent provided by law. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Chavez's release (for example, should Ms. Chavez commit any conduct after the date of this agreement that would form the basis for an increase in Ms. Chavez's offense level or justify an upward departure – examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court – the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Chavez will not have the right to move to withdraw the guilty plea; (c) Ms. Chavez shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Ms. Chavez, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this agreement.

    In the event of a dispute as to whether Ms. Chavez has breached this agreement, and if Ms. Chavez so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

    12.    **Statute of Limitations Waiver:** Any such prosecutions of the defendant not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations before the commencement of such prosecutions. Ms. Chavez knowingly and voluntarily agrees to waive any and all defenses based on the statute

of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

13. **Presence of Counsel:** At all debriefing and interviewing sessions conducted by investigators and/or attorneys for the government, Ms. Chavez shall be entitled to the presence, advice, and assistance of counsel, unless waived.

14. **USAO-DC's Criminal Division Bound:** Ms. Chavez understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Chavez.

15. **Complete Agreement:** No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Chavez, Ms. Chavez's counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Chavez may indicate her assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Ms. Chavez and her counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: *Robert Bowman*
ROBERT BOWMAN
DANIEL P. BUTLER
Assistant United States Attorneys

6

    I have read this plea agreement, consisting of six pages, and have discussed it with my attorney. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

    I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 5-20-05

_____
Rosa Chavez
Defendant

    I have read each of the six pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 5-20-05

_____
Melvin L. Otey, Esquire
Attorney for the Defendant

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: 05- |
| v. | : | |
| ROSA CHAVEZ, | : | |
| Defendant. | : | |

### STATEMENT OF OFFENSE

Pursuant to Fed. R. Crim. P. 11, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and defendant Rosa Chavez, with the concurrence of her attorney, Melvin Otay, Esq., agree and stipulate as follows:

Defendant Chavez is charged by Information with one count of Bribery, pursuant to 18 U.S.C. §§ 201(b)(2)(A) and (C).

At all times material herein, defendant Chavez was employed as a Clerk with the District of Columbia Department of Motor Vehicles (hereinafter referred to as "DMV") at the main office at 301 C Street, N.W., in Washington, D.C. Among the official duties of defendant Chavez was that of processing applications submitted by individuals seeking to obtain District of Columbia driver's licenses.

Beginning in or about the early part of 2002, defendant Chavez began selling driver's licenses. Defendant Chavez told law enforcement that she began selling driver's licenses to a primarily Hispanic clientele because she was "trying to help out." Defendant Chavez stated that she was paid approximately $400 for each fraudulent license which she issued; however, some individuals indicated to her that they did not have that amount of money, and from these

individuals she would accept $250. The defendant Chavez input false claims into the DMV computer in order to create and issue the driver's licenses, including claims: (a) that she had received information that the applicant's out-of-state license had expired; (b) that the individual had passed the eye test; (c) that the applicant had submitted documentation of residency in the District of Columbia; and (d) that the applicant had passed the required written and road tests. On occasions when the names provided by the individuals seeking the fraudulent licenses did not match the Social Security Numbers (SSN) or dates of birth, as indicated by the DMV computer, defendant Chavez would overlook the discrepancies, enter false justifications into the computer to attempt to explain the discrepancies and proceed to create and issue the fraudulent licenses.

Typically, defendant Chavez worked with a middle-man. The middle-man solicited individuals in need of valid driver's licenses, but who, for a variety of reasons, could not or did not want to obtain such licenses through legitimate means. Defendant Chavez was paid a portion of the overall bribe paid to the middle-man in order for her to produce the fraudulent licenses. Frequently, the middle-man would pay her share of the bribe to her after work hours. The number of fraudulent driver's licenses defendant Chavez issued fluctuated from week to week. However, initially in 2002, defendant Chavez issued, on average, three to four fraudulent driver's licenses each week, and this number increased significantly over time.

2

Defendant Chavez was paid more than $70,000 in bribes over the course of her employment as a clerk at the DMV.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
FOR THE DISTRICT OF COLUMBIA
D.C. Bar No. 451058

By: *Robert Bowman*
DANIEL P. BUTLER
D.C. Bar No. 417718
ROBERT C. BOWMAN
D.C. Bar No. 417176
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-9431 and (202) 353-2877

## DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Fed. R. Crim. P. 11, after consulting with my attorney, Melvin L. Otey, I agree and stipulate to this Statement of Offense.

Date: 5-20-05

Rosa Chavez
Defendant

I have discussed this Statement of Offense with my client, Rosa Chavez. I concur with her decision to stipulate to this Statement of Offense.

Date: 5-20-05

Melvin L. Otey, Esquire
Attorney for Defendant Rosa Chavez

3

<u>U.S. v. Rosa Chavez, Crim. No. 05-198 (JP)</u>
Elements of the Bribery Offense

<u>Receipt of Bribes by a Public Official – 18 U.S.C. §§ 201(b)(2)(A) and (C)</u>

In order to sustain its burden of proof for the crime of demanding, seeking, or receiving a bribe by a public official as charged in the Information, the government must prove the following three (3) essential elements beyond a reasonable doubt:

1. Defendant demanded, sought, or received something of value as described in the Information;

2. Defendant was, at that time, a public official of the District of Columbia or was acting on behalf of the District of Columbia; and

3. Defendant demanded, sought, or received the items of value corruptly in return for either being influenced in the performance an any official act or being induced to do or omit to do any act in violation of the official duties of the defendant.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Section 27.06 (5th Ed. 2002).